IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC.<br>           PELVIC REPAIR SYSTEM<br>           PRODUCTS LIABILITY LITIGATION | MDL NO. 2440 |

THIS DOCUMENT RELATES TO:

*Blankenship v. Cook Medical, Inc., et al.*          Civil Action No. 2:14-cv-18428

MEMORANDUM OPINION AND ORDER

Pending before the court is Cook, Inc., Cook Biotech Inc., and Cook Medical Inc.'s n/k/a Cook Medical LLC (collectively "Cook") Motion to Dismiss with Prejudice [ECF No. 27], filed on October 6, 2015. Also pending before the court are a Motion by Stephen T. Blackburn for Leave to Withdraw as Counsel for Plaintiff Blankenship ("Motion to Withdraw"), filed on June 16, 2015 [ECF No. 12] and plaintiff's Motion for Voluntary Dismissal, filed on October 9, 2015 [ECF No. 25].  These motions have been briefed and are now ripe for my review. For the reasons stated below, Cook's Motion to Dismiss with Prejudice is **GRANTED**. Plaintiff's counsels' Motion for Leave to Withdraw and Motion for Voluntary Dismissal are **DENIED.**

As an initial matter, I note that plaintiff's counsel have filed two separate but related motions asking alternatively to permit them to withdraw as counsel for the plaintiff or to dismiss the plaintiff's case without prejudice.  *See* Motion to Withdraw [ECF No. 12]; *and* Notice of Motion and Plaintiff's Motion for Voluntary Dismissal [ECF No. 25]. The crux of these motions is that plaintiff's counsel have been unable

to contact Ms. Blankenship for many months, and Ms. Blankenship will no longer communicate with counsel by phone, email, or written correspondence. Despite counsel's efforts, the attorney-client relationship they shared with Ms. Blankenship has "deteriorated and become ineffective." Motion to Withdraw at 1. Because of this, plaintiff's counsel ask that the court either permit them to withdraw from representing Ms. Blankenship or dismiss her case without prejudice. Cook opposes these motions insofar as Cook believes that the proper solution to the plaintiff's discovery violations is dismissal *with* prejudice.

Cook's motion to dismiss with prejudice arises from this court's Order [ECF No. 19], entered on July 31, 2015, denying Cook's Motion to Dismiss and/or for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 8. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [ECF No. 19], at 4–7 (applying the *Wilson* factors to Ms. Blankenship's case)).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Cook, I nevertheless declined to award the requested sanctions because doing so would offend the court's

---

[1] The *Wilson* factors are as follows: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 7). I afforded her 30 business days from the entry of the Order to submit to Cook a completed PPF, with the caveat that a failure to do so "*will result in dismissal with prejudice upon motion by the defendant.*" (*Id.*) (emphasis added).[2] Despite this warning, Ms. Blankenship has again failed to comply with this court's orders and did not provide Cook with her PPF within the 30-day period. Consequently, Cook moved to dismiss the case with prejudice.

While plaintiff's counsel seek dismissal without prejudice, the plaintiff was forewarned about the consequences of noncompliance with my order and, as such, her opposed Motion for Voluntary Dismissal [ECF No. 25] is **DENIED**.

Because the less drastic sanction instituted against Ms. Blankenship has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my July 31, 2015 Order [ECF No. 19], it is **ORDERED** that the Motion to Dismiss with Prejudice [ECF No. 27] is **GRANTED**. Finally, Plaintiff's counsels' Motion for Leave to Withdraw [ECF No. 12] is **DENIED as moot.**

---

[2] I also ordered plaintiff's counsel to send a copy of the order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt (*id.* at 7), and counsel has complied [ECF No. 20].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 7, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE